The STANDARD FIRE INSURANCE
COMPANY, et al., Plaintiffs,

v.

Reginald THOMPSON,
et al., Defendants.

Reginald Thompson, et al.,
Third Party Plaintiffs,

v.

Black & Decker (U.S.), Inc., Third
Party Defendants.

No. Civ. 02–5–B–S.

United States District Court,
D. Maine.

Feb. 12, 2003.

Leonard W. Langer, Marshall J. Tinkle, Tompkins, Clough, Hirshon & Langer, Portland, ME, for Phelps Brown, Betty C.

Brown, Stanley E. Myers, Peter Colby and Terry Colby.

David J. Daly, Paul F. Cavanaugh, II, Timothy J. Daly, Daly, Cavanaugh & Flynn, LLP, Wellesley, MA, Stephen J. Burlock, Weatherbee, Woodcock, Burlock & Woodcock, Bangor, ME, Wellesley, MA, for Standard Fire Ins. Co., Ins. Co. of North America and Ace American Ins. Co.

Barry K. Mills Hale & Hamlin, Ellsworth, ME, William H. Welte, Welte & Welte, P.A., Camden, ME, for Reginald Thompson, Danielle Thompson, Jeffrey Thompson and Leanna B. Jones.

Michael X. Savasuk, Bradley & Savasuk, Portland, ME, for New England Heating Inc.

Harold J. Friedman, Laurence H. Leavitt, Friedman, Gaythwaite, Wolf & Leavitt, Portland, ME, Daniel R. Lanier, Miles & Stockbridge, P.C., Baltimore, MD, for Black & Decker (U.S.) Inc.

### ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

The United States Magistrate Judge filed with the Court on January 16, 2003 her Recommended Decision. Plaintiffs filed their objections to the Recommended Decision on January 27, 2003 and Defendants file their response to those objections on February 5, 2003. I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Magistrate's Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.

1.  It is therefore *ORDERED* that the Recommended Decision of the Magistrate Judge is hereby *AFFIRMED*.

2.  It is further *ORDERED* that Plaintiffs' Motion for Summary Judgment on Counts I and III of their Amended Complaint is *DENIED*.

### RECOMMENDED DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

KRAVCHUK, United States Magistrate Judge.

Plaintiff insurance companies move for summary judgment in favor of two state law [1] claims against Defendants Reginald Thompson, Jeffrey Thompson and Leanna Jones, all d/b/a Jericho Bay Boatyard. The claims at issue are Count I (breach of contract/bailment) and Count III (negligence) of Plaintiffs' Second Amended Complaint, Civil Action No. CV–02–5–B–S,[2] Docket No. 46. These claims relate to

---

1.  Plaintiffs invoke both the court's admiralty and diversity jurisdiction in their Amended Complaint (Docket No. 18). However, they have never made a formal admiralty selection under Rule 9(h).

2.  There are four separate files on the Court's docket involving the Jericho Defendants: CV–02–5–B–S, CV–02–14–B–S, CV–02–31–B–S, and CV–02–32–B–S. This case file, 02–5, involves claims brought by Standard Fire Insurance Company and Ace American Insurance Company, and concerns only the April 2001 fire. The 02–14 case file, *Brown* et al. *v. Jones* et al., presents claims for both the April 2001 fire and a separate December 2001 fire. Although 02–14 is captioned in the names of the insureds, it is also an insurance subrogation case pursued by Acadia Insurance Company. The 02–31 file involves claims brought by the same plaintiffs as in this file, but it concerns only the December 2001 fire. The 02–32 file, *Zinn* et al. *v. Jones* et al., presents claims for both fires that are also subrogated claims.

an April 2001 fire at the premises of Jericho Bay Boatyard that destroyed property (primarily boats) owned by non-parties but insured by Plaintiffs. I recommend that the Court **DENY** the motion.

### Summary Judgment Material Facts

Summary judgment is warranted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000). The following facts are drawn from the parties' Local Rule 56 statements of material facts, found in the court's record at docket numbers 54, 71 and 76.[3]

On April 28, 2001, a fire occurred in the woodworking shop of a Deer Isle boat repair and storage building owned by Defendants Reginald Thompson, Jeffrey Thompson and Leanna Jones, who were then collectively conducting business as Jericho Bay Boatyard ("Jericho"). *Docket No. 54,* ¶ 1; *Docket No 71,* ¶ 1. At the time of the fire, the Jericho building contained a number of boats and other personal items that were damaged or destroyed in the fire. *Id.,* ¶¶ 32, 33. These items of personal property were insured by Plaintiffs on behalf of various owners who are not themselves party to this suit. *Id.,* ¶ 27. The parties are in agreement that, with respect to these items of personal property, Jericho served as a common law bailor and contracted with the owners of such property to provide storage for a fee. *Id.,* ¶¶ 28, 29, 31, 34. They also agree that Jericho had exclusive possession of the property while it was in storage. *Id.,* ¶ 30.

At the time of the fire, Jericho's woodworking shop contained an electric battery charger and various industrial chemicals and solvents, including resins, jell coats, adhesive removers and acetone, some of which were highly combustible. *Id.,* ¶¶ 4, 7, 11, 12. The battery charger rested atop a wooden bench that was stained, in spots, with oil. *Id.,* ¶ 7. Dispersed within the shop was some amount of sawdust, either negligible or considerable. *Id.,* ¶ 5.

Defendant Jeffrey Thompson and another Jericho employee named Preston Rice were the last people to leave the building on the day of the fire. *Id.,* ¶ 2. Sometime during the course of that day, Mr. Rice

All of the pending matters have been consolidated according to fire: All claims pertaining to the April 2001 fire are docketed in 02–5 and all claims pertaining to the December 2001 fire are docketed in 02–31. Plaintiffs' counsel in 02–14, 02–31 and 02–32 have not filed motions for summary judgment.

At the pretrial conference, counsel for plaintiffs in 02–14 and 02–32 argued that if Standard Fire obtains a favorable ruling on the instant motion, that ruling would have issue preclusive effect with respect to the April fire claims reflected in those files. Should the Court agree with my recommendation, this argument becomes moot.

3. For the benefit of the parties, the following docket numbers correspond with the following filings:

Docket No. 53–"Plaintiffs' Motion for Summary Judgment Against All [sic] Defendants" and "Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment."

Docket No. 54–"Statement of Material Facts in Support of Plaintiffs' Motion for Summary Judgment."

Docket No. 71–"Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment" and "Opposition to Plaintiffs' Statement of Material Fact by Defendant Thompson."

Docket No. 76–"Plaintiffs' Reply to Defendants' Additional Statement of Material Facts."

Note that Plaintiffs have not filed a reply memorandum, only a reply statement of material facts.

placed a battery in the battery charger, which was plugged in. When Mr. Rice and Mr. Thompson left work for the day, the battery was still in the charger and the charger was still plugged in. *Id.*, ¶ 8. Sometime within 30 minutes of their departure, someone called the local fire department to report a fire in the building. *Id.*, ¶¶ 8, 9. The parties agree that the likely cause of the fire was the battery charger, which was manufactured by Black & Decker. *Id.*, ¶ 10; *Plfs.' Second Amended Complaint, Docket No. 46* at ¶¶ 54–77.[4]

■ Plaintiffs contend that Jericho was negligent in its manner of storing combustible substances in the woodshop, which Plaintiffs assert, *"inter alia,* added to the severity of the [f]ire." *Docket No. 54,* ¶ 14. Plaintiffs rely for this assertion on expert testimony, various standards published by the National Fire Protection Association, and an OSHA regulation concerning, among other things, the storage of flammable and combustible materials in the workplace. *Id.*, ¶¶ 15, 16, 18, 20, 22. According to Plaintiffs, Jericho violated these regulations and standards, which violations caused the fire to be exceedingly severe and to rapidly spread and destroy the subject property. *Id.*, ¶¶ 14, 17, 19, 21, 23, 24,[5] 25. Jericho's responsive papers adequately generate a question of material fact on these issues by denying the alleged violations and by asserting that the spread of the fire to the subject property was not due to an unreasonably combustible condition in the woodworking shop, but due to the storage building's wooden structure and its wide-open design, which assured an abundant supply of oxygen to fuel the fire, once it moved beyond the woodworking shop. *Id.*, ¶¶ 14 (citing Patrick McGinley Deposition), 16, 17, 19, 21, 23, 24, 25.

**Discussion**

■ I assume for purposes of this motion that there is no obstacle to the Plaintiffs' ability to exercise their subrogation rights.[6] Plaintiffs argue that because Jericho was a bailee of the insured property and the property was never returned to the respective bailors, Jericho is presumed to have breached the duty of care owed to the bailors. *Docket No. 53* (Mem. of Law) at 5. Because the bailment arose from a contract to store ocean-going vessels, this issue must be determined in accordance with general maritime law. *See Jansson v. Swedish American Line,* 185 F.2d 212, 216 (1st Cir.1950) ("We take it now to be established by an impressive body of precedent that when a common law action is brought ... to enforce a cause of action

4. Plaintiffs' Amended Complaint asserts, among other things, that Black & Decker was negligent in the design and manufacture of the charger, failed to provide adequate warning concerning the risk of fire and breached an implied warranty that its charger was safe and fit for its intended use. *Docket No. 17.*

5. As support for a statement that "[t]he housekeeping conditions within the Woodworking Shop contributed to the origin, cause, and the severity of the Fire," Plaintiffs cite their 15–page expert disclosures. Not only is their failure to identify a page number objectionable, but the document itself is not evidence. Fed.R.Civ.P. 56(c).

6. The Court recently denied Jericho's motion for summary judgment in which Jericho argued that its storage contract with Plaintiffs' insureds includes an insurance procurement provision assigning to the insureds the obligation to insure against fire loss. *Defendants' Motion for Summary Judgment Against All Defendants* [sic], *Docket No. 36* (relying on *Acadia Ins. Co. v. Buck Constr. Co.,* 2000 ME 14, 756 A.2d 515 (2000)). The Court denied the motion on the ground that there is a genuine issue of fact concerning whether the insureds ever received the document on which the alleged procurement provision is written. *See id.* at 2 (endorsement to the motion).

cognizable in admiralty, the substantive law to be applied is ... general admiralty law...."); *Sirius Ins. Co. (UK) v. Collins,* 16 F.3d 34, 37–38 (2d Cir.1994) (holding that admiralty jurisdiction extends to vessels damaged during winter dry storage); *American Eastern Dev. Corp. v. Everglades Marina, Inc.,* 608 F.2d 123, 125 (5th Cir.1979) (holding that cases concerning vessels placed in dry storage, but not "removed from navigation," are within admiralty jurisdiction).

Pursuant to maritime law, a bailee is generally "to be held liable for damage to the bailed object, [only if] the bailor establish[es] that the bailee acted negligently in the performance of its duties and that its negligence was the proximate cause of the damage." *Goudy & Stevens, Inc. v. Cable Marine, Inc.,* 924 F.2d 16, 18 (1st Cir.1991). However, a bailor can set forth a *prima facie* case of negligence by showing "delivery to a bailee and the bailee's failure to return the thing bailed." *Trawler Jeanne D'Arc v. Casco Trawlers,* 260 F.Supp. 124, 138 (D.Me.1966); *accord, Chanler v. Wayfarer Marine Corp.,* 302 F.Supp. 282, 285 (D.Me.1969). Where this is shown, and where the bailee's possession of the property has been exclusive, it "then becomes the duty of the bailee to come forward with the evidence to explain its default by showing facts and circumstances sufficient in law to exonerate it from liability for the damage." *Goudy,* 924 F.2d at 18.

In my assessment, Plaintiffs' motion makes out a *prima facie* case of negligence under the maritime bailment rule. Jericho has admitted that it accepted delivery of the insured property for storage, that it had exclusive control over the property during the period of storage and that it has failed to restore the property to its owners in an undamaged condition. *Docket No. 71,* ¶¶ 29–32. Thus, it falls upon Jericho to "come forward" with evidence tending to show that its own negligence was not the cause.[7] Of course, in the summary judgment context, the movant is the party who first presents the material facts pertaining to the legal issue in dispute. The non-movant must then admit, deny or qualify the movant's facts, which acts, in themselves, constitute a presentation of evidence in support thereof. *See* Local Rule 56(c). In this sense, Jericho has come forward with evidence by admitting Plaintiffs' statement that the battery charger was the cause of the fire and denying or sufficiently qualifying whether its "housekeeping" was a substantial contributing factor in the destruction of the insured property.

Plaintiffs argue that, nonetheless, Jericho's negligence is established by the fact that Mr. Thompson and Mr. Rice left the battery in the charger and the charger plugged in when they left the premises. The problem with this theory is that the mere act of leaving a battery charger unat-

---

**7.** There are two perspectives on what the bailee's evidentiary burden is.

> One view is that the bailee need show only that the loss was caused by some act consistent with due care on his part, such as an act of God; then the bailor must affirmatively show negligence. Another is that the bailee must do something more than merely show that the loss was occasioned by something consistent with due care; he must show affirmatively acts which constitute due care, because the circumstances of the loss are generally peculiarly within his knowledge.
>
> *Buntin v. Fletchas,* 257 F.2d 512, 513 (5th Cir.1958). Plaintiffs did not file a reply memorandum and did not identify this split of authority. Considering that Plaintiffs fail to address which approach is preferable, what difference either approach would make here, or even that two different approaches exist, I am of the persuasion that Jericho should be put to the lesser burden for purposes of this pre-trial motion.

tended might not breach the standard of care under the appropriate circumstances. Considering that the parties are calling upon the trier of fact to evaluate the precise circumstances of the April 1998 fire, including the relative conditions of the woodworking shop itself, summary judgment would be inappropriate on this record.[8]

## Conclusion

For the foregoing reasons, I **RECOMMEND** that the Court **DENY** Plaintiffs' Motion for Summary Judgment on Counts I and III of their Amended Complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

January 16, 2003.

---

[8]. Although I do not mean to suggest that summary judgment for a plaintiff could never be entered in a bailment case, it is noteworthy that all of the maritime bailment precedents cited in the memoranda involve post-trial rulings. *See Goudy, Chanler, Trawler, Buntin, supra.*